DMP:MTK
F.#2019R00929

**Filed: October 13, 2020**

**1:20-cr-00442**
**Judge Eric R. Komitee**
**Magistrate Judge Roanne L. Mann**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - -X

UNITED STATES OF AMERICA

 - against -

BAIMADAJIE ANGWANG,

                Defendant.

- - - - - - - - - - -X

I N D I C T M E N T

Cr. No. **1:20-cr-00442**
(T. 18, U.S.C., §§ 951(a), 981(a)(1)(C), 1001(a)(3), 1343, 1512(c)(2) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Acting as an Agent of a Foreign Government
Without Prior Notification to the Attorney General)

1.    In or about and between May 2018 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BAIMADAJIE ANGWANG did knowingly act in the United States as an agent of a foreign government, to wit: the People's Republic of China, without prior notification to the Attorney General of the United States, as required by law.

(Title 18, United States Code, Sections 951(a) and 3551 et seq.)

COUNT TWO
(Wire Fraud)

2.    In or about May 2019, within the Eastern District of New York, the defendant BAIMADAJIE ANGWANG did knowingly and intentionally devise a scheme and

artifice to defraud the U.S. Department of Defense, and to obtain money and property from the U.S. government by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: an electronic transmission on or about May 17, 2019 of a materially false SF-86C Questionnaire for National Security Positions.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## COUNT THREE
(False Statements)

3. On or about May 17, 2019, within the Eastern District of New York, the defendant BAIMADAJIE ANGWANG did knowingly and willfully make and use a false writing and document, knowing the same to contain one or more materially false, fictitious and fraudulent statements and entries, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Department of Defense, in that ANGWANG made the following false statements and entries on an SF-86C Questionnaire for National Security Positions:

    (a) ANGWANG falsely represented that he had no contact with members of a foreign government since his last SF-86 Questionnaire for National Security Positions, when in fact as he well knew and believed, ANGWANG had extensive contacts with government officials from the People's Republic of China during the covered period; and

(b) ANGWANG falsely represented that he had no continuing contact with a foreign national with whom he was bound by affection, influence, common interests and obligations, when in fact as he well knew and believed, ANGWANG was in contact with family members in the People's Republic of China, some of whom were affiliated with the People's Liberation Army.

(Title 18, United States Code, Sections 1001(a)(3) and 3551 et seq.)

## COUNT FOUR
(Obstruction of an Official Proceeding)

4. On or about May 17, 2019, within the Eastern District of New York, the defendant BAIMADAJIE ANGWANG did knowingly, intentionally and corruptly obstruct, influence and impede, and attempt to obstruct, influence and impede, an official proceeding, to wit: ANGWANG's U.S. Department of Defense national security background investigation.

(Title 18, United States Code, Sections 1512(c)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO AND FOUR

5. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Two and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2019R00929
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*BAIMADAJIE ANGWANG,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 951(a), 981(a)(1)(C), 1001(a)(3), 1343, 1512(c)(2) and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                Foreperson

*Filed in open court this* __10/13/20__ *day,*

*of* _____ A.D. 20 _____

_____
                                                                Clerk

Bail, $ _____

_____

*Michael T. Keilty, Assistant U.S. Attorney (718) 254-7528*