U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:JMH/SAC
F. #2019R00929

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 23, 2020

<u>By ECF and USAFx</u>

John Carman, Esq.
666 Old Country Road
Garden City, NY 11530
Email: john@johncarmanlaw.com

      Re:    United States v. Baimadajie Angwang
                Criminal Docket No. 20-442 (EK)

Dear Mr. Carman:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

      The material enclosed is being produced to you subject to the discovery protective order entered by the Court on November 24, 2020. <u>See</u> ECF No. 28. The materials are being provided to you via the USAFx platform. Please contact me if you have any issues downloading the materials.

I.     <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

      The enclosed discovery includes draft copies of translated transcripts of thirteen audio calls involving the defendant between September 4, 2018, and December 22, 2019, bearing Bates numbers ANGWANG-000001 through ANGWANG-000162. Please note that these are draft transcripts; the government reserves the right to revise, amend, or replace these transcripts in advance of trial. The government is in the process of collecting the audio files upon which these transcripts rely, and will produce those to you as soon as practicable.

      Documentation of your client's arrest on September 21, 2020, is enclosed, bearing Bates numbers ANGWANG-000163 through ANGWANG-000174. This range includes copies of documentation of the advice of legal rights given to your client on the morning of his arrest.

The documents bearing Bates numbers ANGWANG-000174 through ANGWANG-000214 are associated with the defendant's 2014 completion of a questionnaire for national security positions via a Standard Form 86 ("SF-86"), and associated documentation.

The document bearing Bates numbers ANGWANG-000215 through ANGWANG-000248 is a New York City Police Department ("NYPD") Personal History Questionnaire ("APD-5") associated with your client's employment with the NYPD.

B.  The Defendant's Criminal History

The government is not aware of any relevant criminal history for the defendant.

C.  Documents and Tangible Objects

The documents bearing Bates numbers ANGWANG-000249 through ANGWANG-000329 are documentation associated with the search of the defendant's residence on the date of his arrest, including a copy of the search warrant and the underlying affidavit.

The government seized various digital and electronic media during the course of the above-referenced search; the inventory of these items bears Bates number ANGWANG-000308.  The government is in the process of preparing these items for production to you.  Please contact me to discuss the production of this material.

Copies of documents recovered during the search are enclosed and bear Bates numbers ANGWANG-000330 through ANGWANG-001194.

Surveillance photographs of the defendant are enclosed, bearing Bates numbers ANGWANG-001195 through ANGWANG-001198.

You have previously requested documentation relating to the defendant's family members and their status within the People's Republic of China ("the PRC") and the Chinese Communist Party ("the CCP").  The folder bearing Bates number ANGWANG-001199 contains copies of these documents, along with files containing convenience draft translations of some of these documents.  These documents are not individually Bates numbered to facilitate matching the underlying document with the convenience translation by means of the file names.

Bank records and other financial documentation obtained from Equifax, Experian, Fedwire, HSBC, Paypal, and TDBank, is enclosed, collectively bearing Bates numbers ANGWANG-001200 through ANGWANG-001263.

Records obtained from various internet service providers and communications platforms are enclosed, including Altice, Apple, Charter, Dropbox, Facebook, Google, Microsoft, Ultra, and Yahoo!.  The folder bearing Bates number ANGWANG-001264 contains documents that were received as Microsoft Excel files; the remainder of the documents in this category bear Bates numbers ANGWANG-001265 through ANGWANG-001298.

Phone records obtained from various providers are enclosed, in a folder bearing Bates number ANGWANG-001299.  These records were received in various formats.

Various other records obtained from Resorts World Casino, EZ Pass, Costco, and other businesses are enclosed, bearing Bates numbers ANGWANG-001300 through ANGWANG-001457. Certain records in this category were provided as spreadsheets, and are in the folder bearing Bates number ANGWANG-001458.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.   Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling a linguistic expert at trial to testify regarding translations of documents and communications that the government anticipates entering into evidence. The government also anticipates calling an expert at trial to testify concerning the history of the Tibetan diaspora and its status within and relationship with the PRC and the CCP.

The government will supplement its expert notice as necessary closer to trial. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.   Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. See also Fed. R. Crim. P. 5.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.   Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

3

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by January 31, 2021. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

4

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

    Very truly yours,

    SETH D. DuCHARME
    Acting United States Attorney

By:   /s/ J. Matthew Haggans
    J. Matthew Haggans
    Assistant U.S. Attorneys
    (718) 254-7000

    Scott A. Claffee
    Trial Attorney, National Security Division
    U.S. Department of Justice
    (718) 254-7000

Enclosures (via USAFx)
cc:     Clerk of the Court (EK) (by ECF) (without enclosures)