```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

UNITED STATES OF AMERICA

                -against-                    MEMORANDUM & ORDER
                                             20-CR-442(EK)
BAIMADAJIE ANGWANG,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        On October 13, 2020, the grand jury returned a four-count Indictment against Defendant Baimadajie Angwang, charging him with acting as an agent of a foreign government in violation of 18 U.S.C. § 951; wire fraud in violation of 18 U.S.C. § 1343; making false statements in violation of 18 U.S.C. § 1001; and obstructing an official proceeding in violation of 18 U.S.C. § 1512.

        Angwang now moves to dismiss the Indictment under Federal Rule of Criminal Procedure 12(b) for failure to state an offense.  Affirmation in Supp. of Mot. to Dismiss the Indictment ("Mot.") ¶ 2, ECF No. 88; *see also* Mem. of Law in Opp'n to Def.'s Mot. to Dismiss the Indictment, ECF No. 93.  He asserts that his relationship with the foreign officials in question did not reflect the level of "direction or control" required to state a violation under Section 951, that the allegedly false statements he made were "literally true," and that none of his

actions actually obstructed an official proceeding.  Mot. ¶¶ 43–46.

Because these assertions are properly directed to the finder of fact at trial, rather than the Court at this stage, Angwang's motion is denied.

## I. Legal Standards

Under the Fifth and Sixth Amendments to the U.S. Constitution, "a defendant has a substantial right to be tried only on charges presented in an indictment returned by a grand jury." *United States v. Dupree*, 870 F.3d 62, 70 (2d Cir. 2017); *see United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).[1] "Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Stringer*, 730 F.3d 120, 123–24 (2d Cir. 2013) (quoting Fed. R. Crim. P. 7(c)(1)); *see also United States v. Ji*, No. 21-CR-265, 2022 WL 595259, at *1 (E.D.N.Y. Feb. 28, 2022).  That rule "performs three constitutionally required functions: It fulfills the Sixth Amendment right to be informed of the nature and cause of the accusation; it prevents a person from being subject to double jeopardy as required by

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

the Fifth Amendment; and it serves the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury." *Walsh*, 194 F.3d at 44.

This is, however, a fairly low bar. "An indictment is sufficient as long as it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Dawkins*, 999 F.3d 767, 779 (2d Cir. 2021). "To satisfy these requirements, an indictment need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id*.

"At the indictment stage, [courts] do not evaluate the adequacy of the facts to satisfy the elements of the charged offense." *United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021). And "when a defense raises a factual dispute that is inextricably intertwined with a defendant's potential culpability, a judge cannot resolve that dispute on a Rule 12(b) motion." *United States v. Sampson*, 898 F.3d 270, 281 (2d Cir. 2018).

## II.  Discussion

### A. Count One: Acting as a Foreign Agent Without Prior Notification to the Attorney General

A person violates 18 U.S.C. § 951(a) if he "acts in the United States as an agent of a foreign government without prior notification to the Attorney General if required in [Section 951(b)]."  A person is an "agent of a foreign government" if he "agrees to operate within the United States subject to the direction or control of a foreign government or official."  *Id.* § 951(d).

Count One of the Indictment alleges:

> In or about and between May 2018 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BAIMADAJIE ANGWANG did knowingly act in the United States as an agent of a foreign government, to wit: the People's Republic of China, without prior notification to the Attorney General of the United States, as required by law.

Indictment ¶ 1, ECF No. 20.  This language clearly "track[s] the language of the statute charged and state[s] the time and place (in approximate terms) of the alleged crime."  *Dawkins*, 999 F.3d at 779.  As such, it satisfies the requirements of the Fifth and Sixth Amendments.  *See United States v. Alshahhi*, No. 21-CR-371, 2022 WL 2239624, at *3-4 (E.D.N.Y. June 22, 2022) (denying a motion to dismiss a similarly worded indictment for violating Section 951(a)); *Ji*, 2022 WL 595259, at *4 (same).

4

Angwang does not assert that the Indictment fails to recite the correct elements of the offense or to enable him to assert a Double Jeopardy claim in a future case. Rather, he argues that Count One must be dismissed because "his alleged relationship with the PRC Officials was one that lacked any indicia[] whatsoever of 'direction or control.'" Mot. ¶ 39. Angwang contends that he engaged with the officials in question because he wanted to procure a travel visa, rather than out of any desire to assist a foreign power. *Id.* But whether such "indicia" exist is a factual question properly put to the jury. *See Sampson*, 898 F.3d at 281. This is a challenge to the sufficiency of the government's evidence, not to the contours of the indictment under Rule 7 or Rule 12, and as such it falls short. *See Alshahhi*, 2022 WL 2239624, at *4 (declining to address arguments that were "inappropriately premised on the sufficiency of the Government's evidence, and not on statutory interpretation").

Angwang also cites *United States v. Rafiekian*, where the Fourth Circuit held that to be an agent of a foreign government, "a person must do more than act in parallel with a foreign government's interest or pursue a mutual goal." 991 F.3d 529, 538 (4th Cir. 2021). He argues that he "did virtually nothing to help the Chinese consulate officials" because he offered them no confidential military or police information and

5

because his other alleged acts are innocuous.  Mot. ¶ 42. *Rafiekian* did not, however, concern a pre-trial challenge to the sufficiency of the indictment.  Instead, the Fourth Circuit was reviewing the district court's grant — following the conclusion of the government's case-in-chief at trial — of a motion of acquittal under Rule 29 and its conditional grant of a new trial.  *See* 991 F.3d at 537-38.

At this point, Angwang's contention that he was working in parallel with the PRC officials rather than at their direction presents a question for the jury.  *See Sampson*, 898 F.3d at 281.[2]

**B.   Counts Two through Four: Counts Relating to Answers to a National Security Questionnaire**

The remaining counts of the Indictment arise out of certain allegedly false statements that Angwang made on Standard Form 86C, the Questionnaire for National Security Positions that he submitted in May 2019 to maintain his security clearance.

Count Two charges Angwang with wire fraud for transmitting the SF-86C in the course of a scheme to defraud the Department of Defense.  Indictment ¶ 2.  Count Three charges him with making two false statements on the SF-86C in violation of

---

[2] In any event, Section 951(a) does not require that an "agent" be effective or successful, or that he act out of any particular motive — only that he be subject to a foreign government's "direction or control."  18 U.S.C. § 951(d); *see also Rafiekian*, 991 F.3d at 540-41.  The indictment adequately alleges as much.

18 U.S.C. § 1001.  *Id.* ¶ 3.  Specifically, the Indictment alleges that Angwang "falsely represented": first,

> that he had no contact with members of a foreign government since his last SF-86 Questionnaire for National Security Positions, when in fact, as he well knew and believed, ANGWANG had extensive contacts with government officials from the People's Republic of China during the covered period;

and second,

> that he had no continuing contact with a foreign national with whom he was bound by affection, influence, common interests and obligations, when in fact as he well knew and believed, ANGWANG was in contact with family members in the People's Republic of China, some of whom were affiliated with the People's Liberation Army.

*Id.*

As with Count One, Angwang does not dispute that the Indictment properly recites the elements of these offenses. Rather, he argues that his answers to both of the SF-86C questions at issue were "literally true" and that his relationships with family members in the PRC were already known to the United States government.  Mot. ¶¶ 38, 47.  He argues that the first question omitted an exception — stated explicitly in prior versions of the form — for contacts made in the course of "routine visa applications."  *Id.* ¶ 45.  Assuming that omitted exception remained in effect, Angwang argues, his answer to that question was true.  *Id.*  As to the second question, he argues that the question asked only about as-yet undisclosed

7

relationships, and that he had previously disclosed the relevant familial relationships.  *Id.* ¶ 44.

The government does not concede that Angwang's contacts concerned only "routine visa applications."  On the contrary, the Complaint asserts that he was in contact with PRC officials about the PRC's interests in the United States, including with respect to the need to "develop" sources within the Tibetan community.  Compl. ¶¶ 15-16, ECF No. 1.  Regardless, however, the question of whether those answers were true — *i.e.*, whether Angwang had any responsive contacts since his last security clearance application, and whether he had any relevant familial associations — is again a matter for the jury.  *See Sampson*, 898 F.3d at 281.

Angwang cites *United States v. Subeh*, in which the court granted a motion to dismiss the indictment because the allegedly false statements "cannot, under any set of circumstances, be proven false."  No. 04-CR-6077T, 2006 WL 219968, at *12 (W.D.N.Y. Jan. 24, 2006), *report and recommendation adopted,* No. 04-CR-6077T, 2006 WL 1875407 (W.D.N.Y. July 5, 2006).  But in *Subeh*, the defendant was "charged with falsely representing that he could not answer a question concerning his brother's state of mind."  *Id.*  As the court observed, that response cannot be proven false because, as

8

an epistemological matter, the defendant "could not have conclusively known his brother's true intentions." *Id.*

In contrast, Angwang is alleged here to have represented that had no contacts responsive to the SF-86C's inquiry. Whether or not those representations are false, they are plainly falsifiable; indeed, the Complaint attempts to do just that. *See* Compl. ¶¶ 11-35, ECF No. 1. Accordingly, there is no basis to dismiss Count Two or Three.[3]

Finally, Count Four charges Angwang with obstructing an official proceeding, identified as the "national security background investigation" that the Department of Defense was conducting on him. Indictment ¶ 4. Angwang argues that the Count is defective because (1) the Government already knew about his contacts with his family members, and (2) his contacts with the PRC personnel were merely "for the purpose of routine visa applications." Mot. ¶ 47. But again, these disputed assertions are properly for the jury to evaluate. *Sampson*, 898 F.3d at 281.

---

[3] In *United States v. Guertin*, a district court granted a defendant's motion to dismiss an indictment alleging that he committed wire fraud and obstruction by failing to disclose certain information on a security-clearance questionnaire. No. 21-CR-262, — F. Supp. 3d —, 2022 WL 203467 (D.D.C. Jan. 24, 2022), *appeal docketed*, No. 22-3011 (D.C. Cir. Feb. 24, 2022). Angwang has not invoked *Guertin*; moreover, the *Guertin* indictment differed meaningfully in that it specified the "money or property" the defendant sought to be obtain and contained further detail regarding the clearance investigation process. *See* 2022 WL 203467, at *2, *7. The Indictment here does not contain that detail (nor does it need to, in the Second Circuit). Indictment ¶¶ 2, 4; *cf. Wedd*, 993 F.3d at 121.

9

## III. Conclusion

For these reasons, Angwang's motion to dismiss the indictment is denied.

SO ORDERED.

                                          /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    August 3, 2022
            Brooklyn, New York